IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 12, 2024

## ANTWAIN TAPAIGE SALES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County**
**No. 24-CR-82        A. Blake Neill, Judge**

_____

### No. W2024-01109-CCA-R3-HC
_____

Petitioner, Antwain Tapaige Sales, appeals from the Hardeman County Circuit Court's order summarily dismissing his third state petition for writ of habeas corpus. On appeal, Petitioner asserts that his sentence is void and that he is entitled to habeas corpus relief. After review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

Antwain Tapaige Sales, Whiteville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; G. Kirby May, Assistant Attorney General; and Mark E. Davidson, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. FACTUAL AND PROCEDURAL HISTORY

On April 23, 2007, Petitioner pleaded guilty to second-degree murder and attempted second-degree murder in case number 16158. The trial court imposed an effective forty-year sentence, which was ordered to be served consecutively to Petitioner's existing sentences in case numbers 14619 and 14778. Since entering his 2007 guilty pleas, Petitioner has become the prolific author of multiple and repeated challenges to his convictions and sentences in both federal and Tennessee state courts.

On May 23, 2011, Petitioner filed a petition for post-conviction relief. *See Sales v. State*, No. M2011-02001-CCA-R3-PC, 2012 WL 4479283, at *1 (Tenn. Crim. App. Sept. 27, 2012). The post-conviction court dismissed the petition as untimely and concluded that Petitioner had failed to show that the time for filing should be tolled due to his alleged mental illness. *Id.* The judgment of the post-conviction court was affirmed by this court on appeal. *Id.* at *2.

On January 20, 2013, Petitioner filed a petition for state habeas corpus relief. *See Sales v. Taylor*, No. 4:14-CV-58-HSM-SKL, 2015 WL 4487833, at *1 (E.D. Tenn. July 23, 2015). In a subsequent federal action Petitioner filed challenging his sentence, the federal court explained that the state habeas corpus court "summarily dismissed the petition stating the Petitioner had failed to show that he was entitled to habeas corpus relief by virtue of his claims of mental illness." *Id.* Petitioner did not directly appeal the dismissal of the petition.

On February 10, 2014, Petitioner sought a federal writ of habeas corpus. *Id.* In his petition, Petitioner again asserted that he was entitled to relief based on his mental incompetence. *Id.* The court dismissed the petition, finding that "several of Petitioner's own assertions directly cut against any claim his mental condition" was a basis for relief. *Id.* at *4. The court ultimately held that Petitioner had "failed to make a substantial showing of the denial of a constitutional right." *Id.* at *5.

On March 9, 2020, Petitioner filed a motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. *State v. Sales*, No. M2022-01077-CCA-R3-CD, 2023 WL 2681899, *1 (Tenn. Crim. App. March 29, 2023), *perm. app. denied* (Tenn. Aug. 8, 2023). Therein, Petitioner argued that his sentence was illegal because Rule 32(c)(3)(C) required his sentences in case numbers 16157 and 16158 to run consecutively rather than concurrently. *Id.* The trial court dismissed Petitioner's motion on procedural grounds and because Petitioner was never convicted of the charge in case number 16157. *Id.* Rather than appealing the trial court's order to this court, Petitioner chose to file a second Rule 36.1 motion with the trial court on June 11, 2020. *Id.* at *2. In the second motion, Petitioner generally reiterated his arguments from his first motion. *Id.* The trial court again dismissed Petitioner's motion on procedural grounds, and Petitioner did not appeal. *Id.*

In June of 2020, Petitioner sought habeas corpus relief in state court. *Sales v. State*, No. E2020-04171-CCA-R3-HC, 2021 WL 1994072, *1 (Tenn. Crim. App. May 19, 2021). In that petition, Petitioner argued that the judgments and convictions against him were void because the trial court clerk failed to sign the indictment and judgments, which meant that the trial court lacked jurisdiction. *Id.* The habeas corpus court summarily dismissed the

petition, after which Petitioner filed several motions to reconsider and a notice of appeal. *Id.* This court dismissed Petitioner's notice of appeal as untimely filed. *Id.* at *2.

On July 4, 2022, Petitioner sent a handwritten letter to the trial court clerk claiming that the judgments against him were "fraudulent" and "void" because the copies he received of the judgments had been "altered and/or modified in an attempt to cure a fatal defect." *State v. Sales*, No. M2023-00948-CCA-R3-CD, 2024 WL 772381, at *2 (Tenn. Crim. App. Feb. 26, 2024). The trial court entered an order finding no fraud and that there was no difference between the original judgments and the copies Petitioner had been given, except that the originals contained a "file stamp affixed by the Clerk." *Id.* Petitioner filed a motion for the trial court to reconsider, which was denied. *Id.* Petitioner then appealed to this court, which dismissed the appeal after determining that Petitioner had no right to appeal the trial court's order. *Id.*

On May 2, 2023, Petitioner filed with the trial court a "Motion to Reinstate Rule 36.1 Motion to Correct Illegal Sentence." *Id.* In that motion, Petitioner argued that his sentence was illegal because Tennessee Code Annotated section 40-20-111(b) required consecutive—not concurrent—sentencing because he had been released on bail in case number 16157 when he committed the acts involved in case number 16158. *Id.* He "also reiterated his previous argument that he did not knowingly and intelligently enter his 2007 guilty plea because he was under the influence of psychotropic drugs." *Id.* The trial court considered Petitioner's "Motion to Reinstate" as a new Rule 36.1 motion and dismissed it because Petitioner was never actually convicted in case number 16157. *Id.* Petitioner appealed that decision to this court, which affirmed the trial court in holding that Petitioner's sentence was not illegal, and even if it had been, Petitioner "still would not be entitled to relief under Rule 36.1 because he benefited from the concurrent alignment of his sentences in case number 16157." *Id.* at *4. Also, we noted that Petitioner continued to assert that has sentence was illegal "because he was under the influence of psychotropic drugs to treat his mental illnesses" when he entered his plea. *Id.* We determined, however, that "these arguments are more appropriate for a post-conviction petition, and indeed were raised and addressed previously by this court." *Id.* (citing *Sales v. State*, 2021 WL 4479283 at *2). We ultimately concluded that Petitioner had "failed to present a colorable claim for relief."

In June of 2024, Petititioner filed his third petition for state habeas corpus relief, which is the subject of this appeal. First, Petitioner asserted that his concurrent sentences were illegal pursuant to Tennessee Code Annotated section 40-20-111(b). In dismissing the petition, the habeas corpus court held that Petitioner was not entitled to relief on that ground because he failed to explain the legal basis of his argument, and the court cited *Sales v. State*, 2021 WL 1994072, at *1, as verification that that the same argument had already been litigated and denied in Petitioner's Rule 36.1 Motion. Second, Petitioner alleged that his sentence was void "because the indictment, guilty plea order, and judgment

were neither duly or attested nor signed by the clerk," along with the assertion that the "trial court was without jurisdiction or authority to sentence, convict, or judge the petitioner." The court noted, however, that "Petitioner already raised these issues in a prior petition for habeas corpus relief, which was dismissed . . . . [and] is, therefore, barred from relitigating these claims in another habeas petition." Third, Petitioner argued that "he was denied due process and equal protection of the laws because his guilty plea was involuntary, and he was not afforded an opportunity to establish competency." The court dismissed this claim as well, finding that there was no proof in the record calling into question Petitioner's competency at the time of the plea, which meant Petitioner was "contesting a voidable judgment, not a void judgment," and the petition must be dismissed. This timely appeal follows.

## II. LAW AND ANALYSIS

In his appellate brief, Petitioner designates the following as "Issues Presented" for this court's review:

1. Whether Appellant's sentence is illegal under Tennessee law?
2. Whether Appellant's judicial process [was] void under Tennessee law?
3. Whether Appellant's guilty plea was involuntary and mistakenly given?
4. Whether Habeas Corpus is invoked in these proceedings?
5. Whether this appeal should be granted?

According to the State, each of the foregoing issues have been previously adjudicated with the exception of Petitioner's assertion that the trial court lacked jurisdiction to convict or sentence him because he was never properly served with process. To that end, the State's brief synthesizes the issues on appeal into the following question: "Whether the habeas corpus court properly dismissed the petition for writ of habeas corpus when the issues have been previously adjudicated and when the Petitioner failed cognizable claims for relief?" Upon reviewing the arguments made by Petitioner in his appellate brief, we agree with the State's interpretation of the issues before this court.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). "Therefore, our standard of review is de novo with no presumption of correctness". *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). The habeas corpus petitioner bears the burden "to show by a preponderance of the evidence that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 1998). The habeas corpus court may dismiss a habeas corpus petition without a hearing if the petition fails to establish the

challenged judgment is void. Tenn. Code Ann. § 29-21-109; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The right to seek habeas corpus relief is guaranteed by Article I, section 15 of the Tennessee Constitution, but the ability to seek habeas corpus relief is regulated by statute. *See* Tenn. Code Ann. § 29-21-101. The Tennessee Supreme Court has observed:

> The grounds upon which habeas corpus relief is warranted are narrow. The writ will issue only when it appears on the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). A habeas corpus petition may be used to challenge judgments that are void and not merely voidable. *Id.*; *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

*Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000).

"An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978) (superseded on other grounds by Rule 36.1 of the Tennessee Rules of Criminal Procedure)). Conversely, a voidable judgment or sentence "is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007).

*Prior Claims*

We initially address the issue of Petitioner's claims on appeal that have previously been litigated and adjudicated by courts of competent jurisdiction—including this court. The issue of Petitioner's mental competency has been addressed and dismissed by both state and federal courts. See *Sales v. Taylor*, 2015 WL 4487833, at *1; *State v. Sales*, 2024 WL 772381, at *4; *Sales v. State*, 2012 WL 4479283, at *2. Petitioner's repeated claims that his sentencing was illegal because the trial court was required to order consecutive—rather than concurrent—sentencing have also been litigated and rejected. See *State v. Sales,* 2024 WL 772381, at *4 (holding that Petitioner was not entitled to relief on that issue in the instant appeal and noting previous litigation of this issue in Petitioner's Rule 36.1 motions). Also, we have reviewed and rejected Petitioner's assertions that his judgments and sentences are illegal due to his allegation that the trial court failed to sign the indictment and judgments. See *State v. Sales*, 2023 WL 2681899, at *3; *Sales v. State*, 2021 WL 1994072, at *2.

In *Transou v. Lester*, this court held:

> [A petitioner's] [c]ontinued filing with a slight modification of his argument will not result in a different conclusion. Pursuant to the "law of the case" doctrine, an appellate court is generally without authority to reconsider issues that have been decided in a prior appeal; "issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited." *State v. Jefferson*, 31 S.W.3d 558, 561 (Tenn. 2000) (citing *Memphis Publ'g Co. v. Tennessee Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998)). In other words, a previous adjudication bars a petitioner from raising the issue anew in a denial of habeas corpus relief.

*Transou v. Lester*, No. W2013-00293-CCA-R3-HC, 2013 WL 5745704 (Tenn. Crim. App. Oct. 21, 2013). As stated above, each of the arguments raised by Petitioner in this appeal have been previously litigated and adjudicated. Therefore, the habeas corpus court did not err in dismissing the petition on these grounds, and Petitioner is not entitled to relief on these issues.

*Service of Process*

Petitioner further argues that he is entitled to habeas corpus relief because the judgments against him were not served on him in accordance with the Tennessee constitution and statutes. However, other than a conclusory assertion that he was not properly served, Petitioner fails to support this claim with any citations to the appellate record or even a fully formed explanation as to how he was not properly served. As such, Petitioner fails to raise a colorable claim for relief, and the habeas corpus court properly dismissed his petition on this issue.

III.  CONCLUSION

Upon review of the record, the parties' briefs, and the applicable law, we affirm the judgment of the habeas corpus court dismissing the petition for habeas corpus relief.

s/ Matthew J. Wilson
MATTHEW J. WILSON, JUDGE